IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 FEB 29 PM 2:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

FIRST FINANCIAL INSURANCE )
COMPANY, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 98-G-2792-S
 )
GFJJ RESTAURANT II, L.L.C., d/b/a )
TACO MAC RESTAURANT; CLAUDE )
R. WOOD; CAMILLE WITT; and JAMES )
WENDELL WADE, )
 )
    Defendants. )

ENTERED
FEB 29 2000

## MEMORANDUM OPINION

This cause is before the court upon the motion of the plaintiff for summary judgment, as amended. The parties have entered into a stipulation as to certain facts, and agree that the only remaining issue in the case is whether the assault and battery exclusion in the insurance policy issued by the plaintiff to GFJJ Restaurant II, d/b/a Taco Mac Restaurant (hereinafter "Taco Mac") precludes coverage for the claims made in the underlying state court action.

On March 30, 1997, Claude R. Wood and Camille Witt were patrons of Taco Mac when they received bodily injuries. On that date, while leaving Taco Mac's

establishment, Wood and Witt "received bodily injury as a result of assault and battery committed on them by employees of Taco Mac and others." (Stipulation of the parties ¶ 5.) As a result of said event causing bodily injury, Wood and Witt filed a lawsuit in state court against Taco Mac and others. On March 30, 1997, a policy of insurance issued by the plaintiff and insuring Taco Mac was in full force and effect. The insured complied with all notice provisions in the policy and the policy does not cover punitive damages that may be awarded Witt and/or Wood in the underlying action. The above factual summary is taken from the stipulation of the parties.

The exclusion at issue in the present case provides as follows:

EXCLUSION- ASSAULT OR BATTERY

This insurance does not apply to:

a. "bodily injury," "property damage" or "personal injury:"

   * * *

   (2)   Arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.

Taco Mac argues that the exclusion does not apply because it alleges that it might be found liable in the underlying lawsuit for "something short of or different from assault and battery." (Def.'s Br. at 4.) Taco Mac argues that even though it stipulated that the underlying plaintiffs suffered injuries as a result of assault and battery, the underlying plaintiffs might recover based upon <u>claims</u> other than assault and battery. In

2

particular, Taco Mac suggests that it might be held liable for "negligent hiring, supervision, and/or retention." (Def.'s Br. at 4.) This emphasis on the claims that might result in recovery in the underlying lawsuit is misplaced. The exclusion is not of <u>claims</u> arising out of assault or battery, but rather of <u>injuries</u> arising out of assault or battery, or out of acts or omissions "in connection with the prevention or suppression of an assault or battery." This language would certainly exclude coverage for injuries based upon a claim of negligent supervision and any of the other claims that Taco Mac asserts are distinct from claims for assault and battery. Any <u>claim</u> asserted in the underlying lawsuit must necessarily be based upon <u>injuries</u> arising out of the alleged assault or battery, which occurred on March 30, 1997.

In <u>Gregory v. Western World Ins. Co., Inc.</u>, 481 So. 2d 878 (Ala. 1985), the court was faced with a policy exclusion similar to the one in Taco Mac's policy. In that case the underlying plaintiff alleged that he was struck in the face by another patron while on the insured's premise. He brought suit against the insured business based upon the Alabama dram shop statute. The policy exclusion in that case was as follows:

> It is agreed that the insurance does not apply to bodily injury or property damage arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.

3

481 So. 2d at 878. The court found the exclusion to be unambiguous and applicable because "if the claimed injury arises out of an assault and battery caused by a patron, insurance coverage is excluded." 481 So. 2d at 881. The court concluded:

> It is not disputed that the bodily injury in question here was injury "arising out of assault and battery." The exclusion, therefore, being applicable, the trial court was correct in granting summary judgment for the plaintiff.

481 So. 2d at 881.

Gregory is controlling as to the issues raised by Taco Mac in the present case. In Gregory, even though the underlying plaintiffs were asserting claims based upon the Alabama dram shop act, the court found the assault and battery exclusion to be applicable. Therefore, it is not the cause of action asserted in the underlying lawsuit that is determinative. In the present case, just as in Gregory, it cannot be disputed that the underlying plaintiffs' injuries "[arose] out of assault or battery, or out of [an] act or omission in connection with the prevention or suppression of an assault or battery." The precise cause of action asserted by the underlying plaintiffs is irrelevant to the operation of the exclusion.

Taco Mac also argues that the exclusion in the present case is ambiguous with respect to assault and battery committed by a third party because the exclusion does not specifically say that it applies in such cases. This argument is meritless, the exclusion in the present policy merely says "an assault or battery." This language is clear

4

and unambiguous and would include assaults and batteries committed by third parties. The Gregory court did not base its holding on the additional phrase "or other person" in the insured's policy.

In Auto-Owners Ins. v. American Cent. Ins., 739 So. 2d 1078 (Ala. 1999), the court was asked to construe an exclusion of coverage for bodily injury "[a]rising out of sexual molestation, corporal punishment or physical or mental abuse." 739 So. 2d at 1080. In that case, the underlying plaintiff "alleged that he had sustained injury and emotional distress caused by acts of unlawful fraternity hazing . . . ." 739 So. 2d at 1080-81. The court agreed with the trial court that the exclusion was unambiguous and operated to exclude coverage. The court also noted that "although the claims in the underlying action alleged both intentional and unintentional acts, those claims were not severable so as to obligate American Central to provide a defense and indemnity as to some claims but not as to others." 739 So. 2d at 1082 (citing Board of Educ. v. Contenental Ins. Co., 198 A.D.2d 816, 604 N.Y.S.2d 399 (1993) for the proposition that "allegations that school district failed to stop or prevent certain conduct do not change gravamen of complaint from intentional acts to negligence"). Likewise, in the present case, the gravamen of the underlying plaintiff's complaint is assault and battery and the unambiguous exclusion in Taco Mac's policy excludes coverage.

5

From the above it is clear that there exists no genuine issue as to any material fact and that plaintiff is entitled to the declaration requested in its complaint. An appropriate order will be entered contemporaneously herewith.

DONE this 29th day of February 2000.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.